IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE EARL VOLLMER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-947-L-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Leslie Earl Vollmer has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be

dismissed because it is not cognizable under the federal habeas statute.

**Background**

On January 17, 1996, Petitioner was convicted of unauthorized use of a motor

vehicle in Dallas County and was sentenced to five years imprisonment.[1] No direct

appeal was taken.

Petitioner discharged his sentence on December 22, 2000. He did not file a direct

appeal. Petitioner filed an application for state habeas relief on or about November 9,

2012. That application was denied without written order. *See Ex parte Vollmer*, WR-

---

[1] On the same date, Petitioner was also convicted of injury to a child; however, he
does not challenge that conviction in this federal proceeding.

-1-

78,604-03 (Tex. Crim. App. Feb. 6, 2013).

Petitioner then filed this action in federal district court. In four grounds for relief, Petitioner contends that: (1) his sentence was unlawful because he was not admonished as to the range of punishment; (2) his conviction and unlawful sentence were the result of prosecutorial misconduct; (3) he received ineffective assistance of counsel; and (4) there was no evidence to support his conviction.

Because it appears that Petitioner filed this action after fully discharging his sentence, the Court ordered Respondent to submit a preliminary response on the issue of subject matter jurisdiction. *See* Dkt. No. 6. Respondent filed a response alleging that the Court is without subject matter jurisdiction to consider this petition, *see* Dkt. No. 9, and Petitioner has filed a reply brief indicating that he satisfies the "in custody" requirement because his 1996 conviction was used to enhance a 2009 conviction for indecency with a child, *see* Dkt. No. 12.

## Legal standards

A federal court lacks subject matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh,* 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of Section 2254; however, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook,* 490 U.S. 488, 492 (1989); *see also Hendrix,* 888 F.2d at 337-38

(adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254). Although federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, the Supreme Court has explained that these petitions generally do not state a cognizable legal claim. *See Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. 394, 402 (2001). That is, when a prior conviction has affected a current sentence, a petitioner satisfies the "in custody" requirement but may not challenge the prior sentence if it can no longer be attacked on its own, either because the prisoner failed to challenge it while remedies were available or did so and lost. *See id.* at 403-04; *see also United States v. Clark,* 284 F.3d 563, 567 (5th Cir. 2002) (a prisoner who had "never attempted any attack, by direct appeal or otherwise," could not challenge the constitutionality of his prior convictions even though they had been used to directly enhance his current sentence).

## Analysis

Petitioner seeks to challenge his 1996 conviction for unauthorized use of a motor vehicle by way of a Section 2254 application for a writ of habeas corpus. Petitioner concedes that he did not challenge that conviction by direct appeal. *See* Dkt. No. 3 at 3. He also failed in a recent state-court collateral attack. *See Ex parte Vollmer*, WR-78,604-03 (Tex. Crim. App. Feb. 6, 2013). Thus, Petitioner is in the same position as the petitioner in *United States v. Clark,* 284 F.3d 563 (5th Cir. 2002), who waited until his sentences were enhanced – and his underlying conviction was final – to bring the

first challenge to his prior conviction. *See Clark*, 283 F.3d at 567.

Under the rule set forth in *Lackawanna County*, Petitioner's conviction is no longer open to direct or collateral attack in its own right, making it conclusively valid. *See Clark*, 284 F.3d at 567; *see also Cotton v. Thaler*, No. SA-10-cv-87-XR, 2010 WL 3239316, at *5 (W.D. Tex. Aug. 16, 2010). Accordingly, Petitioner's claims are not cognizable. *See Clark*, 284 F.3d at 567; *Cotton*, 2010 WL 3239316, at *5; *see also Tarvin v. Dretke*, No. H-06-0854, 2006 WL 846366, at *2 (S.D. Tex. Mar. 31, 2006).

## Recommendation

Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79

F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE